Bartley, C. J.
This proceeding was instituted to contest the right of the defendant to hold the office of clerk of the court of ■common pleas in Pickaway county, as against D. W. McPherson; who had been duly elected to said office and qualified. It appears that a vacancy occurred in said office in June, 1854, by the death of Silas J. Ambrose, who had been elected to the office in October, 1851. And on the 8th day of June, 1854, the commissioners of Pickaway county appointed the defendant, Neibling, to fill the vacancy. who accepted the appointment, and entered upon the discharge of its duties. On the second Tuesday of October, 1854, D. W. McPherson was duly elected to said office, and, after having given bond and taken the oath *of office, and in „all respects [41 qualified himself as the law directs, proposed to enter upon- the discharge of the duties of the office ; but the defendant refused to surrender the same and permit him so to do, claiming to hold the same by virtue of his appointment until the second Monday of February, 1852, at which time, and not before, as he claims, the-term of office, of McPherson would commence. '
The case presents the question of the constitutionality of a provision in the act of the general assembly of the 31st January, 1852, in relation to the election of clerks of courts. The 6th section of the act (see Swan's Rev. Statutes of Ohio, 174) contains the following : “ In case a vacancy shall happen in the office of clerk, in any county in this state, by death, resignation, or otherwise, the commissioners of said county are hereby authorized to appoint a clerk pro tempore, who shall hold his office until the October election next ensuing such appointment, and until his successor shall be elected and qualified: Provided said appointment shall have been made at least fifteen days prior to said October election; otherwise said clerk, so appointed, shall continue in office, under and by virtue'of his said appointment, until the October election to be held in the year next thereafter, and until his successor shall' be elected and qualified.” The legislature h.as thus expressly provided, that the office of clerk of the court, held by appointment, shall terminate as soon as the successor shall have been elected at the regular October election, and *42, 43 qualified. This statutory enactment settles the controversy in this case, if the statute be not plainly in conflict with some provision in the constitution of the state.
The term of office of a clerk of the court, elected by the electors of the county, is, by the 16th section of the 4th article of the con-42] stitution, expressly limited to the period of three tyears. And although the constitution has fixed the periods for the commencement and termination of many of the offices, yet in regard to the clerk of the court, no invariable peripd of the year is prescribed. The provision of the'schedule in the constitution, is limited to the official terms of the clerks elected at the first election after the constitution took effect. The words of the schedule (see section 4) are: “ The first election for clerks of the courts of common pleas, shall be held on the second Tuesday of October, 1851; and the official term of said clerks, so elected, shall commence on the second Monday of February, 1852.”
As the official,, term is a specified number of years, it would, in future, date from the day of the month (which was the 9th day of February), and not the day of the week in that month, named for the commencement of the first term. And should no vacancy over arise in the office, and each clerk elected from the first, serve out his full term, the 9th day of February would continue to be the time for the commencement of each successive term. But the constitution does not make this period the time for the commencement of the term of office of each succeeding clerk ; neither does it provide, that, in case of a vacancy in the office, before the expiration of the regular term,' the successor, whether appointed or elected, shall serve or hold the office for the remainder of the unexpired term. In regard to the office of judge of the Supreme.Court, and of judge of the court of common pleas, the constitution provides, that, in case of vacancy before the expiration of the regular term, the vacancy shall be filled by appointment by the governor, until a successor is elected and qualified; and that such successor shall be elected for the unexpired term. But the constitution contains no such provision in regard to the office of clerk of the coux’t. It sim43] ply provides for *the élection of the clerk by the electors of the county, and fixes the term of the office at three yeax’S, and until his successor- shall be elected and qualified. And it does not fix the time for the termination of the office of the clerk of the court, who holds his office by appointment to fill a vacancy. But it is provided *44 in the 20th section of. the second article of the constitution, that “ The general assembly, in cases not provided for in this constitution, shall fix the term of office,” etc. Now, the case of a clerk of the court holding his office by appointment to fill a vacancy, is one of the cases in which the constitution has not fixed the term of office, but left that to be done by the legislature. In regard to the office of judge of the Supreme Court, and of judge of the common pleas, held by appointment to fill a vacancy, the constitution has provided, that the office shall continue until a successor shall be elected and qualified, whose election shall take place at the first annual election that occurs more than thirty days after the vacancy shall have happened. Section 13, article 4.
That the general assembly had the power to provide that the office of the clerk of a court apjiointed to fill a vacancy should continue until the 9th of February, Or some other convenient day, after the time of the election of the successor, and that the term of the successor elected by the people should commence from such specified time, would, perhaps, not be controverted. But instead of so doing, the general assembly has followed the analogy of the provision contained in the constitution, in regard to the office of judge held by appointment to fill a vacancy, and provided that the clerk- of the court appointed to fill a vacancy shall hold his office until the next ensuing October election, at which the successor shall be elected, and thereafter until he shall have been qualified. It does not appear, therefore, that this legislative enactment is in ^conflict with any provision of the constitution ; on the con- [44 trary, it appears to fall within one of the express powérs conferred on the legislature.
It is urged, on behalf of the defendant, that by legal interpretation the statute does not authorize the person regularly elected after a vacancy has occurred in the office of clerk to enter upon the duties of the office prior to the second Monday of February, upon the .alleged ground that the term “ qualified,” in the statute, imports that the period fixed for the commencement of the term of office has arrived. This is giving too enlarged a meaning to the term “ qualified,” which imports nothing more than that the person elected has complied with the requisitions of the statute, by giving bond and taking the oath of office; so that, by the true interpretation of the statute, the clerk elect has -the right to the of *45 fice as soon,, after his election is legally ascertained, as he can .qualify.himself, by giving bond and taking the oath'of office.
It is proper, in connection with the subject, to add that the person elected clerk of the court can not prolong the term of his pre•decessor at discretion, and then, after qualifying, have his full term ■of three years. If this could be so, one clerk could, by prolonging "the term of his predecessor, intrude, at discretion, on the appropriate term of his successor. Where, after the first election under "the present constitution, a vacancy has occurred in the office of ■clerk of the court of common pleas, and a clerk has been regularly ■elected, by the electors of the county, to fill the vacancy, his term ■of three years must date from and after the day of the election.

Judgment against the defendant.

Swan, Brinkerhoee, Bowen, and Soott, JJ., concurred.